FILED & JUDGMENT ENTERED
Steven T. Salata

Aug 13 2015

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: )<br>)<br>Richard P. Meabon and )<br>Evelyn L. Meabon )<br>) | Case No. 10-30455 |
| ) | Chapter 7 |
| Debtors. )<br>) | |
| R. Keith Johnson, *Trustee for* )<br>*the bankruptcy estate of* )<br>Richard P. Meabon )<br>)<br>) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | No. 12-03218 |
| v. )<br>) | |
| Richard P. Meabon and )<br>Martha Medlin, *Trustee* )<br>*For the Trust of* )<br>*Raymond B. Meabon and* )<br>*Nancy E. Meabon dated* )<br>*May 10, 1991* )<br>) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF**

In this matter, a debtor, Richard P. Meabon, seeks relief under Rule 60(b)(3) and

(4) of the Federal Rules of Civil Procedure after his discharge was revoked for attempting

1

to conceal estate assets by willfully making false statements under oath. For the reasons stated below, Meabon's motion is denied.

The circumstances leading to the revocation of Meabon's discharge are detailed fully in the Court's April 8, 2014 order and need not be fully recited at this time. To briefly provide some context, prior to filing bankruptcy, Meabon and his wife consulted with attorney Rick Mitchell. During that consultation, Meabon disclosed a beneficial interest in a trust formed by his parents. Mitchell informed Meabon that he would need to disclose his interest in the trust as an asset in his bankruptcy schedules. Upon hearing this, Meabon decided to not hire Mitchell.

Instead, Meabon sought out and consulted with another bankruptcy attorney, Martin Hunter. This time, Meabon intentionally failed to mention his interest in the trust. Hunter filed the bankruptcy case without knowledge of Meabon's interest in the trust. Meabon neither corrected his omission during his testimony at his first meeting of creditors on March 31, 2010 nor amended his schedules to note the existence of the trust.

June 1, 2010 was the last day to object to discharge. With the trustee and creditors unaware of Meabon's trust interest, the deadline passed without incident. Then, on June 2 or 3, Mitchell sent an e-mail to Hunter alerting him to the existence of the trust. Over the objections of his client, Hunter forthrightly alerted the trustee to Meabon's interest. Meanwhile, the Clerk processed Meabon's discharge, which was entered on June 11, 2010.

The trustee then obtained a judgment dated January 12, 2012 determining the bankruptcy estate was the owner of Meabon's interest in the trust. Meabon did not appeal that decision.

Instead, on or about March 1, 2012, Meabon's sister caused the assets of the trust to be transferred into an account at BB&T labeled the "Richard Meabon Trust" account. These monies were immediately transferred from that trust account into the regular checking account of Raymond Meabon, Meabon's father. The next day, March 2, 2012, an LLC was formed by Meabon and his sister. On March 5, 2012, Raymond Meabon transferred all the assets previously in the trust from his personal banking account to the newly formed LLC. In total, he transferred $425,000. Neither the trustee nor this Court were informed of these steps.

Upon learning of these transfers, on May 15, 2012, the trustee filed an adversary proceeding to recover the $425,000 for the benefit of the bankruptcy estate. During the course of that proceeding, it became apparent that Meabon also held an interest in a second trust that he likewise failed to disclose on his bankruptcy petition or at his first meeting of creditors. Because of Meabon's repeated attempts to conceal his interest in these trusts, the trustee sought to revoke Meabon's discharge under Bankruptcy Code subsection 727(d)(1).

As explained in the order revoking discharge, by its terms, subsection 727(d)(1) permits a party to seek revocation of discharge only when that party becomes aware of the fraud *after* the discharge is granted. Bankruptcy Rule 4004(a), however, sets a period for objecting to discharge, which will always end prior to the entry of discharge. A literal reading of the Code would appear to create an anomalous situation where a debtor

could obtain a discharge by fraud that would be insulated from attack as long as the fraud came to light after the deadline for objecting to discharge but before the discharge is granted. *In re White*, 133 B.R. 206, 209 (Bankr. S.D. Ind. 1990). The majority of courts find that the bar date for objecting to discharge is the operative date for purposes of subsection 727(d).

At trial, Meabon argued, *inter alia*, that the trustee learned of the existence of the trust prior to June 1, 2010, the bar date for objecting to discharge, and was therefore precluded from pursing revocation under subsection 727(d)(1).

This Court disagreed and determined that as of June 1, 2010, the trustee had yet to learn of the existence of Meabon's interest in the trust. It was "unclear when exactly the [t]rustee learned of the trust, but both parties agree[d] that it was after June 1, 2010 and likely before June 11, 2010." Meabon's discharge was revoked after it became evident that he "made statements under oath that he knew to be false, about material matters, and that these statements were made willfully and with the intent to defraud."

Meabon appealed to the United States District Court, reasserting his argument that the trustee knew about Meabon's interest in the trust prior to June 1, 2010. According to United States District Judge Robert J. Conrad, however, Meabon's argument was "wholly without merit and lack[ed] evidentiary support." Judge Conrad concluded that Meabon's argument was frivolous and dismissed the appeal with prejudice.

In an attempt to take yet another bite at the apple, Meabon now moves under Rule 60 claiming (1) the order revoking discharge was obtained by fraud in that the trustee misrepresented the timing of when he discovered Meabon's attempt to hide his interest in

4

the trust and (2) the order was void for lack of jurisdiction because the trustee's claim under subsection 727(d)(1) was untimely.

As an initial note on Meabon's misrepresentation argument, at the trial, the parties agreed the trustee learned of the trust between June 1, 2010 and June 11, 2010. Meabon's latest attack contradicts the position he adopted earlier in the case. Moreover, these assertions harken back to those already considered and rejected by this Court and determined to be "frivolous" by Judge Conrad. This line of argument almost appears to be an attempt by Meabon to appeal the District Court's order to this bankruptcy court.

Even so, the evidence presented at the hearing in this matter, including the affidavit of Martin Hunter, neither discredits this Court's or the District Court's conclusions regarding the timing of the trustee's discovering Meabon's attempt to conceal estate assets nor indicates the trustee misrepresented—accidentally or otherwise—the date of when he learned of Meabon's concealed interest in the trust.

Meabon's attack on this Court's jurisdiction to revoke his discharge raises an issue that has not yet been definitively determined in this Circuit; however, recent Supreme Court decisions strongly suggest that Meabon waived this argument by failing to previously raise it.

The trustee filed the adversary proceeding to revoke Meabon's discharge under Code subsection 727(d)(1), which is subject to the time provisions of subsection 727(e)(1). Pursuant to subsection 727(e)(1) a trustee may request revocation of a debtor's discharge "within one year after such discharge is granted."

Meabon's discharge was entered on June 11, 2010. The trustee filed his complaint on September 24, 2012, outside the one-year time limit imposed by subsection

5

727(e)(1). At first blush, after Meabon failed to raise the time limit as a defense during his trial and appeal, the trustee's error would appear to be a moot point as most time limits are akin to a statute of limitations and waivable. *E.g., Brandt v. Gelardi (In re Shape, Inc.)*, 138 B.R. 334, 337 (Bankr. D. Me. 1992) ("The expiration of a statute of limitations is an affirmative defense which may be waived by a defendant who fails to assert it.").

Rather than equating subsection 727(e)(1) to a statute of limitations, Meabon argues the trustee's failure to file the complaint within a year of discharge is a jurisdictional deficiency that cannot be waived. Admittedly, there is a sharp split of authority on this issue and other courts, perhaps a majority, support Meabon's position. *See, e.g., Elliot v. Weil (In re Elliot)*, 529 B.R. 747, 753-54 (B.A.P. 9th Cir. 2015); *Cadle Co. v. Andersen (In re Andersen)*, 476 B.R. 668, 673 (B.A.P. 1st Cir. 2012); *Murrietta v. Fehrs (In re Fehrs)*, 391 B.R. 53, 67 (Bankr. D. Idaho 2008); *Car Care Ctrs. of Crystal Lake, Ltd. v. Miller (In re Miller)*, 336 B.R. 408, 411-13 (Bankr. E.D. Wis. 2005).

For the most part, the decisions cited by Meabon appear to be reflexive and circular, concluding with little explanation that subsection 727(e)(1) is jurisdictional. After researching this question, the origin of this notion of jurisdiction remains unclear. In any event, it does not appear to be in keeping with current Supreme Court jurisprudence.

The distinction between jurisdictional versus non-jurisdictional defects has been historically murky and challenging to draw, especially when confronted with time limitations. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) (" 'Jurisdiction,' this Court has observed, 'is a word of many, too many, meanings.' This Court, no less than

6

other courts, has sometimes been profligate in its use of the term." (citation omitted));

*Kontrick v. Ryan*, 540 U.S. 443, 454 (2004) ("Courts, including this Court, it is true, have been less than meticulous in this regard; they have more than occasionally used the term 'jurisdictional' to describe emphatic time prescriptions in rules of court."). Yet, as of late, the Supreme Court has attempted to provide certainty and consistency to an analysis that has been less than predictable. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) ("Our recent cases evince a marked desire to curtail such drive-by jurisdictional rulings, which too easily can miss the critical difference[s] between true jurisdictional conditions and nonjurisdictional limitations on causes of action." (citations and quotation marks omitted)).

In doing so, the Court provided a "bright line" test to be applied when weighing whether a condition in a statute is jurisdictional:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Arbaugh*, 546 U.S. at 515-16. Applying that test, even a cursory glance at subsection 727(e)(1) reveals it lacks any such language ranking the limitation as jurisdictional. And, as explained by the Supreme Court, "time prescriptions, however emphatic, 'are not properly typed 'jurisdictional.' " *Id*. at 510 (quoting *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)); *see also Bowles v. Russell*, 551 U.S. 205, 215-16 (2007) (Souter, J., dissenting) ("In recent years, however, we have tried to clean up our language, and until today we have been avoiding the erroneous jurisdictional conclusions that flow from indiscriminate use of the ambiguous word. Thus, although we used to call the sort of

time limit at issue here 'mandatory and jurisdictional,' we have recently and repeatedly corrected that designation as a misuse of the 'jurisdiction' label." (citations omitted)); *Carlisle v. United States*, 517 U.S. 416, 434 (1996) (Ginsburg, J., concurring) ("It is anomalous to classify time prescriptions, even rigid ones, under the heading 'subject matter jurisdiction.' ").

Further relevant to the issue at hand, in *Kontrick*, the Supreme Court held that the time limit for objecting to a debtor's bankruptcy discharge was not a jurisdictional requirement. 540 U.S. 443, 454. Although the time limit in *Kontrick* is enumerated in the Bankruptcy Rules rather than the Code, the Court looked to the bankruptcy court's authorization to hear objections to discharge pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(I) and (J) and noted that the grant of jurisdiction over discharge determinations "contains no timeliness condition." *Id.* at 453. The distinctions between Rule versus Code limitations aside, those same statutory provisions considered by the Court in *Kontrick*, which lack a time prerequisite, undergird this bankruptcy court's jurisdiction to consider Meabon's right to a discharge in this matter.

The Supreme Court's most recent and emphatic forecast of the outcome of the current analysis came in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), a case explicitly considering the question of jurisdiction in the context of a time limit imposed by the Bankruptcy Code. In that case, the Court opined that the deadline set to file a complaint to revoke a Chapter 13 plan under section 1330 of the Bankruptcy Code was *not* jurisdictional and thus was waivable. *Id.* at 270 n.9 ("United's failure to file its motion within § 1330(a)'s 180–day deadline and its failure to seek relief on the basis of fraud did not deprive those courts—and does not deprive us—of authority to

8

consider the motion on the merits because those limitations are not jurisdictional." (citing *Arbaugh*, 546 U.S. at 515-16; *Muchnick*, 559 U.S. at 154)).

A search for cases citing *Espinosa* revealed no results applying its reasoning to subsection 727(e)(1), but that is not surprising or determinative. Suits to revoke discharge are relatively uncommon. Most are timely filed. Even where they are not, defendants are quick to assert the time bar as their primary affirmative defense prior to trial rather than accruing months worth of additional legal fees or risking waiver, like Meabon. Thus, reported cases considering whether subsection 727(e)(1) is jurisdictional and may be waived are scarce. Nonetheless, a leading bankruptcy treatise cites *Espinosa* for the proposition that the time period under subsection 727(e)(1) "may be waived if not raised by the debtor." 6 COLLIER ON BANKRUPTCY ¶ 727.18[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing *Espinosa*, 559 U.S. at 270 n.9).

When subsection 727(e)(1) is juxtaposed against subsection 1330(a), it is difficult to imagine that the Supreme Court would determine one is jurisdictional while the other is not. Subsection 1330(a) reads, "On request of a party in interest *at any time within 180 days after the date of the entry of an order of confirmation* under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." Similarly, subsection 727(e)(1) reads, "The trustee, a creditor, or the United States trustee may request a revocation of a discharge under subsection (d)(1) of this section *within one year after such discharge is granted*." Given the "bright line" test set forth in *Arbaugh*, if the Supreme Court found that subsection 1330(a) was not jurisdictional, it would seem that the Court would reach the same conclusion regarding

9

Case 12-03218    Doc 41    Filed 08/13/15    Entered 08/13/15 11:03:57    Desc Main
                          Document      Page 10 of 13

subsection 727(e)(1). Congress did "not rank a statutory limitation on coverage" in either statute "as jurisdictional." 546 U.S. at 515-16.

This result is consistent with precedent from other courts in this Circuit. Prior to the Supreme Court's holding in *Kontrick* that the time limits imposed by Bankruptcy Rule 4004 were not jurisdictional, the Fourth Circuit Court of Appeals discussed a similar issue in *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244 (4th Cir. 1994). In that case, a creditor successfully petitioned the bankruptcy court to reconsider the denial of a motion to enlarge the time to file an objection to discharge. *Id*. at 246. The debtor's discharge was then denied, and he appealed. *Id*.

For the first time on appeal, the debtor argued that the creditor "failed to file its objection to his discharge in a timely manner" precluding the bankruptcy court from exercising jurisdiction in the matter. *Id*. The Fourth Circuit suggested[1] that the debtor may have waived his assertion that the creditor's complaint was untimely "because he made that claim for the first time on appeal." *Id*. at 247. Throughout its analysis, the Court relied heavily upon the Ninth Circuit Bankruptcy Appellate Panel's decision in *In re Santos*, 112 B.R. 1001 (Bankr. 9th Cir. 1990), for the proposition that "the timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading . . . . If the defense is not raised in the answer or responsive pleading, it is generally waived." *Farouki*, 14 F.3d at 247 (quoting *Santos*, 112 B.R. at 1006).

---

[1] The Fourth Circuit made clear that its decision was not founded upon a jurisdictional deficiency, and this portion of the opinion may very well be dicta. *Farouki*, 14 F.3d at 248 ("The denial of discharge in the instant case was not improper on jurisdictional grounds. It should be made clear, moreover, that we find the bankruptcy and district courts had jurisdiction because the Bank timely filed a motion for enlargement of time to file an objection to discharge.").

10

The Fourth Circuit's discussion of the timeliness of a discharge objection in *Farouki* has since been extended to the waiver of time limits found in the Bankruptcy Code. In *Dean v. Mcdow*, the debtor obtained a Chapter 7 discharge on August 9, 2001. 299 B.R. 133, 136 (E.D. Va. 2003). Just as here, subsection 727(e)(1)'s one-year time limit to file a complaint to revoke discharge applied, meaning the deadline was August 9, 2002. *Id*. On August 6, 2002, the trustee filed a motion to reopen the debtor's case and requested to extend the deadline to file a complaint. *Id*. The trustee then filed his complaint alleging fraud under subsection 727(d)(1) on September 30, 2002, over a month past the one-year deadline. *Id*. The debtor's discharge was revoked, and she appealed. *Id*. at 137.

On appeal to the United States District Court for the Eastern District of Virginia, the debtor asserted for the first time that the trustee's complaint was untimely. *Id*. at 138. Like Meabon, according to the debtor in *Dean*, subsection 727(e)(1) is jurisdictional and the time limitation cannot therefore be waived. *Id*.

The District Court disagreed. It first acknowledged, that "[t]he cases dealing with whether the timely filing of a complaint objecting to discharge is jurisdictional are sharply divided." *Id*. (citation omitted). Referencing *Farouki*, the District Court noted that "the Fourth Circuit indicated the position it finds more persuasive: the timeliness of a dischargeability complaint is not a jurisdictional prerequisite, but rather presents an affirmative defense similar to a statute of limitations that must be raised in an answer or responsive pleading." *Id*. (citing *Farouki*, 14 F.3d at 248); *Mann v. CCR Fin. Planning, Ltd. (In re McKoy)*, 211 B.R. 843, 846 (E.D. Va. 1997)). The District Court deduced that the jurisdictional analysis of the Rule based limitation in *Farouki* controlled its analysis

11

of the Code based limitation in subsection 727(e)(1). *Id*. ("Although *Farouki* was decided in the context of Bankruptcy Rule 4004(a), rather than § 727(e)(1), there is nothing in [the debtor's] brief or *Farouki* itself to indicate that the dischargeability time limitation of the former should be treated differently from the latter."). The Court then adopted the Fourth Circuit's pronouncement that " '[i]f the defense is not raised in the answer or responsive pleading, it is generally waived' " *Id.* (quoting *Farouki*, 14 F.3d at 248). Rather than ruling on the motion to extend time, the Court held that the debtor had waived her right to raise the 727(e)(1) timeliness issue. *Id*. at 138-39 ("It is, therefore, unnecessary to address whether the U.S. Trustee's complaint was timely filed because [the debtor] has waived her right to appeal on this point.").

When viewed through the lens of the Supreme Court's recent encouragement to use "the term 'jurisdictional' only when it is apposite" and to avoid "drive-by jurisdictional rulings," *Reed*, 559 U.S. at 161 (citations omitted), as well as the Fourth Circuit's stated position in *Farouki*, the reasoning in *Dean* is more convincing than the opinions cited by Meabon. Certainly, this result promotes the Justices' goal of bringing clarity and certainty into the jurisdictional analysis. Thus, the trustee's failure to timely file his complaint is not a jurisdictional defect. By standing silently through trial and appeal, Meabon waived his right to raise the subsection 727(e)(1) issue. Consequently, Meabon's prayer for relief under Rule 60(b)(4) is denied.

As a secondary basis for denying Meabon's Rule 60(b)(4) request, in *Espinosa* the Supreme Court explained, "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an

*arguable* basis for jurisdiction." 559 U.S. at 271 (emphasis added; citations and quotation marks omitted). Put differently, "when deciding whether an order is void under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power." *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (citations and quotation marks omitted). "A court plainly usurps jurisdiction only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id*. (citations and quotation marks omitted).

Given the Supreme Court and Fourth Circuit precedent previously discussed along with the sharp divide between courts on "whether the timely filing of a complaint objecting to discharge is jurisdictional," *Dean*, 299 B.R. at 138 (citation omitted), at least an "arguable basis for jurisdiction" existed to revoke Meabon's discharge, *Espinosa*, 559 U.S. at 271. Moreover, this not an "exceptional case." *Id*. Instead, the situation presented is analogous to a waivable statute of limitations error, not a "violation of due process." *Id*. ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." (citations omitted)). Rule 60(b)(4) relief is therefore inappropriate.

**SO ORDERED**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |